**Edward E. HARRIS, Appellant**

v.

**WACKENHUT SERVICES, INC., Appellees.**

No. 09–7104.

United States Court of Appeals, District of Columbia Circuit.

May 3, 2011.

Joseph D. Gebhardt, Charles Williamson Day, Jr., Lenore Cooper Garon, Valencia R. Rainey, Gebhardt & Associates, LLP, Washington, DC, for Plaintiff–Appellant.

Henry Morris, Jr., Esquire, Kristine Jane Dunne, Arent Fox, LLP, Washington, DC, for Defendant–Appellee.

Before: SENTELLE, Chief Judge, GRIFFITH, Circuit Judge, and SILBERMAN, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

Upon consideration of the record from the United States District Court for the District of Columbia and the briefs of the parties, it is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

Appellant Edward E. Harris filed a complaint in the District Court claiming, *inter alia,* that appellee Wackenhut Services, Inc., subjected him to a racially hostile work environment and discriminated against him because of his race when it transferred him to a new position. The District Court dismissed these two claims, granting summary judgment in favor of Wackenhut. Harris appeals.

In dismissing Harris's hostile work environment claim, the District Court concluded that the comments about which Harris complained did not support a finding "that his work environment was sufficiently hostile to become legally actionable." *Harris v. Wackenhut Servs., Inc.,* 590 F.Supp.2d 54, 75 (D.D.C.2008). We agree. Harris points to only three racially motivated comments directed at him dur-

ing a one-year period. But "a few isolated incidents of offensive conduct do not amount to actionable harassment." *Stewart v. Evans*, 275 F.3d 1126, 1134 (D.C.Cir. 2002); *see also Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (explaining that "conduct must be extreme" to create a hostile work environment). The remaining evidence Harris deploys bears no connection to his race and therefore cannot support a hostile work environment claim. *See Davis v. Coastal Int'l Sec., Inc.*, 275 F.3d 1119, 1122–24 (D.C.Cir.2002); *Richardson v. N.Y. State Dep't of Corr. Serv.*, 180 F.3d 426, 440 (2d Cir.1999). Moreover, even if all of the evidence were considered together as racially motivated, it is not sufficiently extreme for Harris to prevail on his claim.

In dismissing Harris's discriminatory transfer claim, the District Court concluded that the entirety of Harris's evidence did not support an inference of discrimination. *Harris v. Wackenhut Servs., Inc.*, 648 F.Supp.2d 53, 69 (D.D.C.2009). Again, we agree. The only relevant evidence of discrimination that Harris offers is a comment by Long and laughter by Foley, the two Wackenhut executives who made the decision to transfer Harris. But Long's comment was not directed at Harris and Foley's laughter clearly had nothing to do with Harris's race. The District Court correctly concluded that this evidence was insufficient for a reasonable jury to find that Wackenhut's legitimate, non-discriminatory reason for transferring Harris was pretext for racial discrimination.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc*. See Fed R.App. P. 41(b); D.C.Cir. R. 41.